[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : January 25, 1995 Date of Application : January 25, 1995 Date Application Filed : January 30, 1995 Date of Decision : January 28, 1997
 Application for review of sentence imposed by the Superior Court, Judicial District of Windham — G.A. 11, Docket No. CR94-88947; CR94-88948
 Ramon J. Canning, Esq., Defense Counsel, for Petitioner
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner, who was 34 years of age at the time of sentencing, entered pleas of guilty to burglary, 3rd degree, in violation of Connecticut General Statutes § 53a-103 (a), and theft of a firearm in violation of Connecticut General Statutes § 53a-212 (a)
Each count has a maximum penalty of five years and the Court imposed consecutive five year sentences on each for an effective sentence of ten years.
The petitioner and his attorney argue that the sentence imposed was unduly harsh because the victim of these offenses was a police officer and that fact appeared to have influenced the Court.
In this case the petitioner, on November 2, 1994, broke into the home of a police officer by smashing a window. He stole a .38 Smith and Wesson revolver, a target pistol in a leather case, a jewelry box, a diamond ring, a watch and other items of jewelry.
At the time of this offense, the petitioner was on probation from New London County, having been sentenced on 2 counts of robbery 2nd degree, to 7 years, suspended after 2 1/2 years.
The robbery charges involved the use of a toy pistol and the robbery of two women, ages 72 and 74. He taped their mouths shut, tied their hands and feet, removed their rings and took their billfolds.
The plea arrangement in the present case involved no agreement as to the sentence to be imposed on the burglary and firearm theft charges but there was an agreement that the probation violation sentence would run concurrently.
Thus the petitioner owed the balance of his robbery sentences 5 years, when he received the sentence herein involved. The sentencing court terminated his probation in view of the sentence imposed.
His prior record also included 2 disorderly conduct CT Page 1821 convictions, fraud in obtaining unemployment compensation and possession of cocaine. He also had 3 convictions for operating under the influence. His attorney blames his crimes on his drug and or alcohol dependency.
The sentencing court was entitled to consider the fact that the petitioner had 5 years over his head for probation violation. If that had been imposed, he would have, in theory received only 5 years additional for the burglary and theft of firearm.
This petitioner clearly represents a continuing threat in the community and public protection appears to be a primary consideration in the sentencing determination. Given his propensity for predatory behavior the sentence imposed was appropriate and proportionate. (Practice Book § 942). It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision